NOT DESIGNATED FOR PUBLICATION

No. 127,190

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN LEVI BENNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Submitted without oral argument. Opinion filed January 24, 2025. Affirmed.

*Darby VanHoutan*, of Kansas Appellate Defender Office, for appellant.

*Ashley McGee*, assistant county attorney, *Marc Goodman*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM:  Stephen Levi Bennett argues that the district court abused its discretion in revoking his probation and ordering him to serve his underlying sentence of 10 months in prison for his conviction of felony criminal use of a weapon. But Bennett committed multiple probation violations, served several jail sanctions, had his probation extended, yet still continued to violate the conditions of his probation. Because the district court did not act unreasonably by revoking Bennett's probation and ordering him to serve his underlying sentence, we affirm.

1

Bennett pleaded no contest to felony criminal use of weapons. In June 2022, the court sentenced him to 10 months' imprisonment and 12 months of postrelease supervision but released him to probation for a term of 18 months.

Less than a year later, Bennett was ordered by his community corrections officer to serve a two-day sanction in jail for failing to obtain employment in violation of the terms of his probation. Bennett was ordered to serve another two-day jail sanction in August 2023 for failing to search for or obtain employment, perform community service, or report as directed. Later in August 2023, Bennett's community corrections officer again ordered him to serve another two-day jail sanction for failing to search for or obtain employment or perform community service.

In September 2023, the State filed a motion to revoke Bennett's probation, alleging he had failed to refrain from violating the law, report as directed, obtain employment, receive consent before changing employment, engage truthfully with his corrections officer, and pay amounts owed as ordered. Bennett waived his right to an evidentiary hearing and did not contest the alleged violations. The district court adopted the joint recommendation of the parties and extended Bennett's probation an additional year, imposed a 30-day jail sanction, and ordered new probation conditions such as GPS monitoring and weekly employment or community service requirements.

A short time later, the State filed a second motion to revoke Bennett's probation. The motion alleged that Bennett failed to report as directed, failed to maintain weekly employment or community service requirements, failed to engage truthfully with his corrections officer, failed to operate his GPS monitoring system as directed, and failed to pay amounts owed as ordered. Bennett contested the allegations, and the district court held a probation revocation hearing in December 2023.

At the hearing, Bennett and his community corrections officer both testified. The State argued that revocation and imposition of Bennett's underlying sentence was appropriate because Bennett continued to have issues complying with his probation even though community corrections had exhausted all its resources attempting to help him comply. Conversely, Bennett argued that he should be placed back on probation and receive a sanction if the district court deemed it necessary.

The district court found that the State had proved by a preponderance of the evidence that Bennett had violated his probation by (1) failing to engage truthfully with his community corrections officer, (2) not operating his GPS monitoring system as directed, (3) missing required counseling appointments, (4) failing to meet weekly employment or community service requirements, and (5) failing to report as directed. The district court also noted that despite Bennett having a previous revocation hearing within the last 60 days, he still was not meeting the requirements placed on him after that first hearing. The district court stated, "I think it's probably pretty clear from my questions and my demeanor here today that I really don't want to send Mr. Bennett to prison, but he's kind of put me in a spot where I don't have much of a choice." Because the district court hesitated to send Bennett to prison, it deferred disposition of his case for 45 days to see how "motivated" he was to show he would comply with his probation terms. The district court noted that Bennett's performance over that 45-day time frame would determine whether it would send him to prison.

After the December revocation hearing but before the disposition hearing, the State filed an addendum to its motion to revoke Bennett's probation. The addendum alleged Bennett had committed additional probation violations including failing to report as directed, call in or report for testing as directed, pay costs as directed, obtain approved housing, operate his GPS monitoring system as directed, or meet weekly employment or community service requirements.

3

The disposition hearing was held several weeks later in January 2024. The State provided testimony by Bennett's community corrections officer to support the additional allegations in its addendum. Bennett testified that he had not done well at his probation, but he had been attempting to get a job. He also offered justifications for several of his alleged violations including not reporting as directed and not operating his GPS monitoring system as directed. Bennett requested that the district court reinstate his probation even though he had violated his probation. Despite Bennett's request, the district court revoked his probation and imposed his underlying sentence, finding that he had not performed his probation obligations despite having many opportunities to do so.

Bennett timely appeals.

ANALYSIS

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in certain circumstances).

Judicial discretion is abused if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party asserting abuse of discretion bears the burden of establishing it. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Bennett does not allege that the district court legally erred by failing to impose additional intermediate sanctions. He also does not argue that the district court factually erred in its findings to revoke his probation. Therefore, both parties properly note that this court should review the district court's decision to revoke Bennett's probation for

4

reasonableness. See *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020) ("[U]nless the district court has made a legal or factual error . . . we will set aside its discretionary decision only if no reasonable person could agree with it.").

Bennett fails to meet his burden to show that the district court acted unreasonably by revoking his probation and imposing his underlying sentence. Bennett served multiple intermediate sanctions for violating the terms of his probation, including three, two-day jail sanctions ordered by his community corrections officer and a 30-day jail sanction ordered by the district court. Additionally, Bennett's probation was extended for one year at his first revocation hearing. At his second revocation hearing, the district court delayed the disposition of Bennett's case and made clear to him that he needed to show that he was amenable to the terms of his probation. Instead, he continued to violate the terms of his probation, leading to the State filing an addendum to its prior motion to revoke probation.

At Bennett's disposition hearing, the district court recounted Bennett's extensive prior sanction and revocation history. The district court stated that it had granted Bennett another opportunity at his December revocation hearing to prove that he could comply with the requirements of his probation. The court noted that instead, Bennett himself admitted he had not done well with complying with his probation requirements. The district court also found the testimony supported that after the second revocation hearing:

> "[Bennett] missed a couple of meetings, didn't do his daily obligation itineraries, didn't do
> his UAs, didn't call in Sentry, hasn't made payments to the Community Corrections,
> failed to provide his supervising officer with his address, didn't respond to the
> supervising officer's attempts to contact him, did not maintain employment, offered proof
> of employment search for a couple of days, maybe a week or two at the beginning of this
> last 45-day period, quit doing it after that, failed to keep his electronic monitoring GPS
> device charged, and then only did community service work the day after he was released
> for 3.7 hours."

Ultimately, the district court concluded that Bennett had "failed miserably" at his attempts at probation. The district court again reiterated that despite Bennett serving time for multiple intermediate sanctions, he had not met the terms of his probation. For these reasons, the district court concluded that Bennett's welfare would not be served by any further sanctions.

A district court acts unreasonably if no reasonable person would have taken the view adopted by the district court. *State v. Davis*, 312 Kan. 259, 276, 474 P.3d 722 (2020). Here, a reasonable person could have come to the same conclusion to revoke Bennett's probation and impose his underlying sentence. Bennett argues that it would have been more appropriate for the district court to impose intermediate sanctions so that Bennett could take advantage of mental health resources. But as noted by the State, the record shows that Bennett was skipping counseling appointments and not utilizing resources available to him while he was on probation. His continued failure to use these resources is particularly egregious because the district court delayed Bennett's disposition hearing to give him an opportunity to show he could comply with the terms of his probation.

Bennett's final argument that the district court's ruling runs counter to the legislative purpose of the graduated sanctions scheme also fails. The record shows that the district court not only complied with the requirement to first impose intermediate sanctions, but it also made specific findings under the statute that further sanctions would not benefit Bennett's welfare.

Because the district court did not act unreasonably by revoking Bennett's probation and imposing his underlying sentence, it did not abuse its discretion.

Affirmed.